DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2018-38 |
| | ) |
| DELROY TATUM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ATTORNEYS:

**Gretchen Shappert**
**Everard E. Potter**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Omodare B. Jupiter**
**Kia Sears**
Law Officer of Clive Rivers
St. Thomas, U.S.V.I.
  *For Delroy Tatum,*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Delroy Tatum ("Tatum") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including February 28, 2019.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically

finds that extending this period would be in the best interest of justice for several reasons. First, an extension is necessary to provide Tatum's counsel adequate time to prepare for trial and conduct motions practice. Second, Tatum made his request with the advice and consent of counsel. Third, without an extension, Tatum would be denied reasonable time necessary to explore plea options and prepare for trial.

    Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was

complex and required additional time for adequate preparation.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through February 28, 2019, shall be excluded in computing the time within which the trial for Delroy Tatum must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez
District Judge**